**NOT FOR PUBLICATION**

FEB 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HECTOR RUVALCABA-CASTORENA, | No. 12-74002 |
| Petitioner, | Agency No. A044-547-634 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2016**
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

Hector Ruvalcaba-Castorena petitions for review of the Board of

Immigration Appeals (BIA)'s order affirming the denial of his application for

cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny

the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA did not err in holding that Ruvalcaba-Castorena had not met his burden of demonstrating that his state law conviction as a felon in possession of ammunition did not qualify as an aggravated felony as defined in the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(43). Courts employ a "categorical approach" to determine whether a state law violation constitutes an aggravated felony under the INA. *Alanis-Alvarado v. Holder*, 558 F.3d 833, 836 (9th Cir. 2009) (citing *Taylor v. United States*, 495 U.S. 575 (1990)). "[I]f the 'full range of conduct' covered by the state statute falls within the scope of the INA provision, then the petitioner's conviction is categorically a removable offense." *Id.*

Ruvalcaba-Castorena was convicted of being a felon in possession of ammunition under California Penal Code § 12316(b)(1),[1] which provided that no one convicted of theft or grand theft under certain California statutes "shall own, possess, or have under his or her custody or control, any ammunition or reloaded ammunition." Section 1101(a)(43) of the INA defines an aggravated felony to include "an offense described in . . . section 922(g)(1) . . . of Title 18 (relating to firearms offenses)." 8 U.S.C. § 1101(a)(43)(E)(ii). Section 922(g)(1), in turn, makes it a crime for a felon to receive "any firearm or ammunition which has been

---

[1] Section 12316(b) was repealed in 2010. A similar provision now appears at California Penal Code § 30305.

shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). Ruvalcaba-Castorena argues that the "relating to firearms offenses" language in the INA limits the definition of an aggravated felony to exclude those convictions that involved only ammunition. However, we have held repeatedly that the INA's "relating to" language "merely describes and does not limit . . . offenses that may be a predicate for the aggravated felony." *Castro-Espinosa v. Ashcroft*, 257 F.3d 1130, 1132 (9th Cir. 2001) (internal quotation marks omitted); *see also Rodriguez-Valencia v. Holder*, 652 F.3d 1157, 1159 (9th Cir. 2011). Ruvalcaba-Castorena's conviction for being a felon in possession of ammunition falls squarely within the definition of an aggravated felony in the INA.

Ruvalcaba-Castorena also argues that the Immigration Judge (IJ) erred in failing to provide a legal citation for his holding that there is no substantial difference between California Penal Code § 12316(b)(1) and 18 U.S.C. § 922(g)(1) even though the federal statute requires that ammunition be shipped or transported in interstate or foreign commerce and the state statute does not. There was no error, because the IJ accurately described and applied the law. "[T]he commerce nexus requirement of § 922(g) is merely a jurisdictional basis" and, as a result, does not present an impediment to finding that a state court conviction constitutes an

aggravated felony under the INA. *United States v. Castillo-Rivera*, 244 F.3d 1020, 1023 (9th Cir. 2001) (internal citations omitted).

**PETITION FOR REVIEW DENIED.**