# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40131

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

>    Plaintiff - Appellee

v.

MARTIN GUILLEN-CRUZ, also known as Martin Guillen-Martinez,

>    Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, DENNIS, and SOUTHWICK, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:

Defendant-Appellant Martin Guillen-Cruz pleaded guilty to being found in the United States after a previous deportation in violation of 8 U.S.C. § 1326(a) and (b).  The probation officer who prepared Guillen-Cruz's presentence report (PSR) added eight points to his offense level because he had a prior conviction for exporting defense articles on the United States Munitions List without a license in violation of 22 U.S.C. § 2778(b)(2) and (c).  The PSR concluded that Guillen-Cruz's conviction constituted a prior aggravated felony for purposes of the United States Sentencing Guidelines (USSG or Guidelines)

No. 16-40131

§ 2L1.2(b)(1)(C),[1] as defined in 8 U.S.C. § 1101(a)(43)(C). After all the factors were accounted for, the PSR calculated Guillen-Cruz's offense level as 14. At sentencing, the district court reduced the offense level to 13, resulting in an advisory sentencing range of 18 to 24 months' imprisonment. The district court sentenced Guillen-Cruz to 24 months' imprisonment.

Guillen-Cruz appeals, asserting an argument he did not raise below: the district court inappropriately imposed a sentencing enhancement pursuant to USSG § 2L1.2(b)(1)(C). Because we find that the district court erred in imposing the enhancement, that each factor of plain error review is satisfied, and that the error merits the exercise of our discretion, we VACATE Guillen-Cruz's sentence and REMAND for resentencing.

## I

This court reviews the district court's interpretation of the Guidelines de novo. *United States v. Ocana*, 204 F.3d 585, 588 (5th Cir. 2000). Because Guillen-Cruz did not raise an objection to the enhancement before the district court, we review for plain error. *See United States v. Hernandez*, 690 F.3d 613, 620 (5th Cir. 2012). To establish plain error, Guillen-Cruz must show: (1) an error or defect "that has not been intentionally relinquished or abandoned"; (2) that the legal error was "clear or obvious, rather than subject to reasonable dispute"; and (3) that the error affected his substantial rights. *United States v. Escalante-Reyes,* 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). If these three elements are satisfied, we have the discretion to remedy the error "if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *Puckett*, 556 U.S. at 135).

---

[1] This section was recently amended. Citations to the Guidelines refer to the section that was in effect at the time Guillen-Cruz was sentenced.

No. 16-40131

## II

Under USSG § 2L1.2(b)(1)(C), a district court must increase a defendant's offense level by eight if the defendant has previously been deported after a conviction for an aggravated felony. "Aggravated felony" has the meaning given that term at 8 U.S.C. § 1101(a)(43), which contains a lengthy list of offenses and categories of offenses. The Government argues that Guillen-Cruz's prior conviction under 22 U.S.C. § 2778 qualifies as an aggravated felony either under 8 U.S.C. § 1101(a)(43)(C), defining aggravated felony as "illicit trafficking in firearms," "destructive devices," or "explosive materials," or under § 1101(a)(43)(E)(ii), defining aggravated felony as an offense described in 18 U.S.C. § 924(b).

## A

When considering whether a defendant's prior conviction constitutes an aggravated felony, "courts use what has become known as the 'categorical approach': They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). However, "[i]f the statute of conviction defines multiple offenses, at least one of which does not describe an aggravated felony, we apply a modified categorical approach." *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 464 (5th Cir. 2006). This modified categorical approach allows for examination of specified documents to determine under which subsection of a divisible statute the individual was convicted. *Omari v. Gonzales*, 419 F.3d 303, 308 (5th Cir. 2005). For guilty plea convictions, this "may include consideration of the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 20–21 (2005)). Usually, courts

No. 16-40131

must first determine whether to apply the categorical or modified categorical approach. *See generally Mathis v. United States*, 136 S. Ct. 2243 (2016). However, because Guillen-Cruz's prior offense is not an aggravated felony under either approach, we pretermit deciding which approach is applicable.[2]

## B

### 1

Guillen-Cruz's sentence was enhanced based on a violation of 22 U.S.C. § 2778(b)(2) and (c), which prohibit the willful export of articles on the Munitions List, 22 C.F.R. § 121.1, without a license. Guillen-Cruz argues that his conviction is not an aggravated felony because he was convicted of exporting high-capacity rifle magazines, which he contends is conduct that does not fall under the definition of aggravated felony at 8 U.S.C. § 1101(a)(43)(C). The Government does not argue to the contrary, instead asserting that Guillen-Cruz cannot meet his burden on plain error review because no case establishes that a conviction under 22 U.S.C. § 2778(b) and (c) does not qualify as an aggravated felony.

The Government is correct that, generally, "if a defendant's theory requires the extension of precedent, any potential error could not have been 'plain.'" *United States v. Guzman*, 739 F.3d 241, 246 n.8 (5th Cir. 2014) (quoting *United States v. Garcia-Rodriguez*, 415 F.3d 452, 455 (5th Cir. 2005)). However, this court has found clear error in the absence of precedent where the plain language of the prior offense statute clearly criminalized conduct

---

[2] The Government argues that it is unclear "whether, or to what extent, the categorical or modified categorical approaches" should be used in a case where a defendant's prior conviction is for a federal offense. However, this court has previously held that the categorical and modified categorical approaches apply when determining whether a prior federal conviction constitutes an aggravated felony under § 1101(a)(43)(C). *See, e.g.*, *Franco-Casasola v. Holder*, 773 F.3d 33, 36–37 (5th Cir. 2014).

outside of the Guidelines offense. *See United States v. Maturin*, 488 F.3d 657, 663 (5th Cir. 2007). To our knowledge, no court has previously decided whether a conviction under 22 U.S.C. § 2778(b)(2) and (c) constitutes an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(C). Notwithstanding the lack of precedent, it is plain from the face of the relevant statutes and regulations that it does not.

As used in the relevant sentencing provision, USSG § 2L1.2(b)(1)(C), "'aggravated felony' has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43))." Section 1101(a)(43)(C) defines aggravated felony as "illicit trafficking in firearms or destructive devices (as defined in [18 U.S.C. § 921]) or in explosive materials (as defined in [18 U.S.C. § 841(c)])." Under 18 U.S.C. § 921(a)(3), a "firearm" is defined as "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device." A "frame or receiver" is the "part of a firearm which provides housing for the hammer, bolt or breechblock and firing mechanism, and which is usually threaded at its forward portion to receive the barrel." 27 C.F.R. § 479.11. The term "destructive device" means "any explosive, incendiary, or poison gas" bomb, grenade, mine, rocket, missile, or similar device. 18 U.S.C. § 921(a)(4)(A). A destructive device may also be "any type of weapon . . . which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter." *Id.* § 921(a)(4)(B). Destructive devices include "any combination of parts either designed or intended for use in converting any device into any destructive device described [above] and from which a

destructive device may be readily assembled." *Id.* § 921(a)(4)(C). "'Explosive materials' means explosives, blasting agents, and detonators." *Id.* § 841(c).

A magazine is an element of a firearm that houses ammunition. *See United States v. Gonzalez*, 792 F.3d 534, 535–36 (5th Cir. 2015) (including a helpful primer on magazines). Under the definitions discussed above, a rifle magazine is plainly not a "firearm" or "the frame or receiver" of a firearm or a "muffler or firearm silencer." *See* 18 U.S.C. § 921(a)(3). Nor is a magazine a "destructive device" for purposes of § 921(a)(4)(A). The closest apparent match is a sub-definition of destructive device that includes "any type of weapon [or combination of parts] . . . which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter." *Id.* at § 921(a)(4)(B)–(C). However, Guillen-Cruz's prior conviction was for export of magazines that hold 7.62x39 millimeter ammunition, and the statute requires that a weapon or "combination of parts" to create such weapon must have a "barrel with a bore of more than one-half inch in diameter." *Id.* Even if a magazine could constitute a subset of a "combination of parts" for purposes of this provision, the barrel bore for a weapon that uses 7.62 millimeter, or .3 inch, ammunition, would not be more than half-an-inch in diameter.[3]

There is no definition in 18 U.S.C. § 841(c) or § 921 that, on its face, includes rifle magazines. Thus, under the modified categorical approach, enhancing Guillen-Cruz's sentence based on a prior conviction for exporting rifle magazines constituted a clear or obvious error.

---

[3] The caliber of a firearm corresponds with the caliber of the bullet that the firearm will project. *See* NATIONAL RESEARCH COUNCIL'S COMMITTEE TO ASSESS THE FEASIBILITY, ACCURACY AND TECHNICAL CAPABILITY OF A NATIONAL BALLISTICS DATABASE, BALLISTIC IMAGING 36 (NAT'L ACADEMIES PRESS 2008).

No. 16-40131

The error is even more plain under the categorical approach: Articles on the Munitions List include items that clearly do not fit within the relevant definitions, such as "[w]arships and other combatant vessels," and "[r]adar systems and equipment." 22 C.F.R. § 121.1. This renders a conviction under 22 U.S.C. § 2778(b)(2) and (c) categorically broader than the generic offense, "illicit trafficking in firearms," "destructive devices," or "explosive materials," 8 U.S.C. § 1101(a)(43)(C). Thus, "it is indisputably clear from a reading of the plain statutory language" that a conviction for exporting an item on the Munitions List is not an aggravated felony. *See Maturin*, 488 F.3d at 663.

**2**

The Government contends that even if Guillen-Cruz's conviction is not an aggravated felony under § 1101(a)(43)(C), his prior conviction satisfies the definition of aggravated felony at § 1101(a)(43)(E)(ii), which includes "offense[s] described in . . . [18 U.S.C. § 924 (b)] (relating to firearms offenses)." Specifically, the Government claims that Guillen-Cruz's 22 U.S.C. § 2278 conviction proves an offense described in 18 U.S.C. § 924(b), which states:

> Whoever, with intent to commit therewith an offense punishable by imprisonment for a term exceeding one year, or with knowledge or reasonable cause to believe that an offense punishable by imprisonment for a term exceeding one year is to be committed therewith, ships, transports, or receives a firearm or any ammunition in interstate or foreign commerce shall be fined under this title, or imprisoned not more than ten years, or both.

The Government argues that rifle magazines are "ammunition" for purposes of this statute, and points to a Fourth Circuit case that, it claims, stands for the proposition that proving a 22 U.S.C. § 2778 offense necessarily proves a violation of 18 U.S.C. § 924(b). *See United States v. Wilson*, 721 F.2d 967, 971 (4th Cir. 1983). Guillen-Cruz argues, inter alia, that the "relating to firearms offenses" parenthetical indicates exclusion of ammunitions offenses and that

the Fourth Circuit's decision in *Wilson* dealt specifically with convictions for "transport of firearms in foreign commerce with intent to commit a felony," not all 22 U.S.C. § 2778(b) convictions.

While incorporating 18 U.S.C. § 924(b) by reference, the definition of aggravated felony at 8 U.S.C. § 1101(a)(43)(E)(ii) specifies "(relating to firearms offenses)." The Government cites an unpublished Ninth Circuit case and a Board of Immigration Appeals case holding that, notwithstanding the parenthetical, ammunitions offenses qualify as aggravated felonies for purposes of § 1101(a)(43)(E)(ii). *Ruvalcaba-Castorena v. Lynch*, 637 F. App'x 420, 420 (9th Cir. 2016); *In re Oppedisano*, 26 I. & N. Dec. 202, 203–06 (BIA 2013). The Government argues that these and other cases, which hold that "relating to" language was descriptive rather than restrictive, show that the parenthetical does not exclude ammunitions—as opposed to firearms—offenses. This understanding comports with this court's reading of at least one other "relating to" parenthetical in § 1101(a)(43). *See Ruiz-Romero v. Reno*, 205 F.3d 837, 839–40 (5th Cir. 2000) ("relating to alien smuggling" parenthetical at § 1101(a)(43)(N) was merely descriptive and not restrictive); *United States v. Monjaras-Castaneda*, 190 F.3d 326, 331 (5th Cir. 1999) (same). Moreover, it comports with a reading of the other subsections of § 1101(a)(43), which reference a number of statutes and frequently include a "relating to" parenthetical, even where all of the offenses referenced in the statute "relate to" the enumerated offense. *See, e.g.*, § 1101(a)(43)(D) (referring to "an offense described in section 1956 of title 18," which is the section for "[l]aundering of monetary instruments," and specifying "(relating to laundering of monetary instruments)"); § 1101(a)(43)(J) (referring to 18 U.S.C. § 1962, which lists only racketeer influenced corrupt organizations offenses, and specifying "(relating to racketeer influenced corrupt organizations)"). If the "relating to" language

were intended to be restrictive, it would be mere surplusage in each of these examples. *See Luster v. Collins (In re Collins)*, 170 F.3d 512, 512 (5th Cir. 1999) ("The canons of interpretation are suspicious of surplussage [sic]."). Thus, we find the "relating to firearms offenses" parenthetical is descriptive, rather than limiting.

However, even without any limitation, the Government cannot establish its alternative basis for affirmance. First, we disagree with the Fourth Circuit to the extent it held that "proof of all the elements of [22 U.S.C.] § 2778 automatically proves a [18 U.S.C.] § 924(b) violation." *Wilson*, 721 F.2d at 971. That cannot be true, as a conviction under 22 U.S.C. § 2278(b) and (c) could be sustained if an individual exported a warship or "[r]adar systems and equipment," 22 C.F.R. § 121.1, items which are plainly not anticipated by the firearms or ammunition offenses listed in 18 U.S.C. § 924(b). Second, 7.62x39 millimeter magazines are neither "firearms" nor "ammunition" for purposes of § 924(b). Firearm, as used in § 924(b) has the same definition discussed in the previous section, *see* § 921(a)(3), and does not include magazines for the reasons previously explained. Ammunition is defined as "ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm." 18 U.S.C. § 921(a)(17)(A). A magazine is not any of these items, but a part that "stores [bullet] cartridges in a column and attaches to the firearm." *Gonzalez*, 792 F.3d at 536. The Government cites no case in support of its claim that a magazine is ammunition. A plain reading of the relevant statutes confirms that the magazine at issue are neither firearms, nor ammunition for purposes of § 924. Thus, the Government fares no better under 8 U.S.C. § 1101(a)(43)(E)(ii) than it did under § 1101(a)(43)(C).

No. 16-40131

## C

Having determined that the district court committed an error that was clear or obvious, and that the Government has not successfully raised an alternative basis for affirmance, we now turn to the remaining prongs of plain error review: the impact on Guillen-Cruz's substantial rights and our own discretion. *See Escalante-Reyes,* 689 F.3d at 419. Where a defendant shows "a reasonable probability of a different outcome absent the error," he has established that the error affected his substantial rights. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016); *see Puckett*, 556 U.S. at 135. Absent the erroneous enhancement, Guillen-Cruz's advisory range would have been reduced from between 18 and 24 months to between 10 and 16 months of imprisonment.   As the Government concedes, because the district court imposed a within-Guidelines sentence, there is a reasonable probability that but for the error, the district court would have imposed a shorter sentence. Thus, Guillen-Cruz has shown that the error affected his substantial rights.

A court should correct a plain, forfeited error affecting substantial rights only where "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736 (1993) (citation, alteration, and internal quotation marks omitted).   In evaluating this aspect of plain error review, we "consider the particular facts and degree of error in this case, and compare those factors to other cases that have turned on the fourth prong." *United States v. Martinez-Rodriguez*, 821 F.3d 659, 664 (5th Cir. 2016). Guillen-Cruz argues that the error was sufficient to significantly affect his substantial rights, and therefore the error compromised the fairness of the proceedings. The Government argues in its briefing that the court should not exercise its discretion to reverse the error because the degree of error was insignificant, Guillen-Cruz's prior conviction

under 22 U.S.C. § 2778 was the equivalent of a conviction under 18 U.S.C. § 924(b), and Guillen-Cruz has a substantial criminal history.

The Government made additional contentions concerning our discretion after the conclusion of briefing.  In a motion to supplement the record, the Government averred that Guillen Cruz had submitted a letter to the sentencing court in his prior 22 U.S.C. § 2778 case, in which he accepted responsibility for his actions, including possessing rifles and ammunitions with the intent to export these items to Mexico.  The Government contends that because Guillen-Cruz has admitted in a prior action that he committed an aggravated felony, we need not vacate his sentence.  The Government raised two additional issues at oral argument, contending (1) that due to a recent Guidelines amendment, had he been convicted of illegal reentry today, Guillen-Cruz's prior offense would qualify as an aggravated felony under the new definition of that phrase, and (2) that an arrest listed in Guillen-Cruz's criminal history has since ripened into a theft conviction—an aggravated felony—rendering irrelevant the collateral immigration consequences of the erroneous enhancement.  The Government argues that these factors decrease the injustice of letting the erroneous enhancement stand.

As previously discussed, in the absence of the enhancement, Guillen-Cruz's advisory sentencing range would have been reduced from between 18 and 24 months to between 10 and 16 months of imprisonment.  The degree of error in a given case certainly affects whether the fairness, integrity, or public reputation of judicial proceedings has been compromised.  *See Martinez-Rodriguez*, 821 F.3d at 664–67; *United States v. John*, 597 F.3d 263, 288 (5th Cir. 2010).  Despite the Government's argument that an 8-month difference is a "small degree of error," this court has held in both published and unpublished opinions that sentencing errors of a similar magnitude seriously affected the

fairness, integrity, and public reputation of sentencing proceedings and warranted reversal. *See United States v. Santacruz-Hernandez*, 648 F. App'x 456, 458 (5th Cir. 2016) (finding reversible plain error where error resulted in sentencing range increase from between 4 and 10 months to between 6 and 12 months and defendant received 12-month sentence); *United States v. Mudekunye*, 646 F.3d 281, 289–91 (5th Cir. 2011) (finding reversible plain error where error resulted in sentencing range increase from between 63 and 78 months to between 78 and 97 months and defendant received 97-month sentence); *John*, 597 F.3d at 285–86 (finding reversible plain error where error resulted in sentencing range increase from between 70 and 87 months to between 97 and 121 months and defendant received a 108-month sentence); *United States v. Carrizales-Jaramillo*, 303 F. App'x 215, 217 (5th Cir. 2008) (finding reversible plain error where error resulted in sentencing range increase from between 24 and 30 months to between 30 and 37 months and defendant received 31-month sentence). We find that the disparity caused by the error in this case weighs in favor of vacatur.

We have already established that Guillen-Cruz's 22 U.S.C. § 2778 conviction is not an aggravated felony as defined in § 1101(a)(43)(E)(ii). The Government does not cite authority for its contention that a 22 U.S.C. § 2778 conviction is "just as egregious" as an 18 U.S.C. § 924(b) conviction. Thus, this factor does not weigh against exercising our discretion to vacate the sentence in this case.

The Government argues that Guillen-Cruz's significant criminal history "militates against satisfaction of the fourth prong," specifically pointing to Guillen-Cruz's multiple prior arrests and the 22 U.S.C. § 2778 conviction. Guillen-Cruz's PSR indicates that in the four years preceding his present offense he was arrested for: transporting six undocumented aliens (formal

charges were not filed); attempting to smuggle five 5.56 caliber magazines into the United States (formal charges were not filed); unauthorized use of a motor vehicle (the case was dismissed in the interest of justice); burglary of a habitation (the complaint was dismissed); and public intoxication (no charges were filed).  At the time the PSR was written, Guillen-Cruz also had a pending charge for theft by appropriation, which the Government informs us has since ripened into a conviction.  None of these events contributed to Guillen-Cruz's criminal history score, which, according to the PSR, meant that the criminal history category substantially under-represented the seriousness of Guillen-Cruz's criminal history or the likelihood that he will commit other crimes.  However, the district court declined to depart upward on the basis of this information.

We do not believe that the defendant's criminal history supports a basis for affirming the erroneous sentence.  *Martinez-Rodriguez*, cited by the Government, held that despite the defendant's criminal history, the court would "not ignore the disparity in the sentences that [the defendant] identifie[d] on appeal."  821 F.3d at 666–67.  While the absolute disparity in that case was greater than it is here, we find that Guillen-Cruz's criminal history, which largely consists of arrests for which the underlying conduct was never charged or the charges were eventually dismissed does not trump the significant sentencing disparity caused by the district court's plain error.

The Government failed to raise its argument that Guillen-Cruz previously admitted responsibility for conduct that could have supported an aggravated felony enhancement in its brief.  Parties are required to brief their contentions to preserve them.  FED. R. APP. P. 28; *see Hernandez v. Garcia Pena*, 820 F.3d 782, 786 n.3 (5th Cir. 2016).  Whether we will consider an unpreserved argument is a matter of discretion.  *See United States v. Miranda,*

248 F.3d 434, 443 (5th Cir. 2001). Although we construe this rule "more leniently when the party who fails to brief an issue is the appellee," *Garcia Pena*, 820 F.3d at 786 n.3 (citation omitted), the facts supporting the Government's argument are noted in the PSR and were readily available prior to briefing. As we see no "substantial public interests" implicated by the resolution of this issue, *see Miranda*, 248 F.3d at 444, we find that the Government has forfeited it.

Similarly, with respect to the Government's remaining arguments, even if they had merit, "we generally do *not* consider contentions raised for the first time at oral argument," *Martinez v. Mukasey*, 519 F.3d 532, 545–46 (5th Cir. 2008), and decline to do so here. As evidenced by the attachment to the Government's Rule 28j letter—which was filed after oral argument—Guillen-Cruz's theft conviction was finalized in January 2016, well before the Government submitted its brief on appeal. Similarly, the Guidelines amendment cited was available to the Government in advance of oral argument, at the very least by its November 1, 2016, effective date, *see* U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 802 (U.S. SENTENCING COMM'N 2016), and should properly have been brought to the court's attention via a Rule 28j letter in advance of oral argument. The Government has given us no reason to depart from our usual practice.

**\*\*\***

For these reasons, we VACATE Guillen-Cruz's sentence and REMAND for resentencing.