# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10167
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY HARRISON BELL, also known as Pajaro,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CR-264-7

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In 1995, Anthony Harrison Bell pleaded guilty pursuant to a written plea agreement to conspiracy to distribute controlled substances. Prior to sentencing, Bell absconded from supervision. As a result, he was not sentenced until 2017. The district court imposed a sentence of 168 months of imprisonment and five years of supervised release. Bell timely appealed, arguing that the Government breached the plea agreement.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10167

Bell argues that the Government failed to perform its obligations under the plea agreement by failing to file a U.S.S.G. § 5K1.1 motion for downward departure and failing to recommend a 60-month sentence.  He argues that he "substantially complied" with the plea agreement before he absconded and should, therefore, be given "the benefit of the bargain."  He alternatively asserts that he partially fulfilled his duties under the plea agreement and is entitled to "some benefit" under the theory of quantum meruit.

Bell has the burden of showing "the underlying facts that establish [the Government's] breach by a preponderance of the evidence."  *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013) (quoting *United States v. Roberts*, 624 F.3d 241, 246 (5th Cir. 2010)).  In determining whether a breach occurred, we must decide "whether the [G]overnment's conduct is consistent with [Bell's] reasonable understanding of the agreement."  *United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014) (quoting *United States v. Lewis*, 476 F.3d 369, 387–88 (5th Cir. 2007)).  A district court's factual findings regarding an alleged breach are reviewed only for clear error.  *United States v. Loza-Gracia*, 670 F.3d 639, 642 (5th Cir. 2012).

The plea agreement provided, in relevant part, that Bell "shall cooperate with the Government, by giving truthful and complete information and testimony concerning his and others['] participation in and knowledge of the crimes committed by persons named in the indictment and others not named." The plea agreement provided that the Government would move for a downward departure "if [Bell] fully complie[d] with the terms" of the plea agreement.  The agreement also provided that the Government's sentencing recommendation and motion for downward departure were "wholly dependant on [Bell's] total and complete cooperation with any law enforcement agency."

No. 17-10167

Here, the district court credited an affidavit by the investigators who debriefed Bell and found that, although Bell had provided some useful information, he also had been untruthful and not entirely forthcoming regarding his role in the offense and the role of one of his coconspirators. The district court's factual finding is not clearly erroneous and demonstrates that Bell failed to provide "total and complete cooperation." The Government's sentencing recommendations were expressly conditioned upon such cooperation. Thus, Bell has not shown that the Government breached the plea agreement.

Finally, Bell argues that he "is entitled to recover in quantum meruit." As he failed to raise this objection below, our review is for plain error only. *See United States v. Olano*, 507 U.S. 725, 732 (1993). Bell does not point to any authority indicating that the district court erred by failing to award him "some benefit" in quantum meruit, and therefore has not demonstrated any potential error was "plain." *Cf. United States v. Guillen-Cruz*, 853 F.3d 768, 772 (5th Cir. 2017) ("[G]enerally, 'if a defendant's theory requires the extension of precedent, any potential error could not have been "plain."'" quoting *United States v. Guzman*, 739 F.3d 241, 246 n.8 (5th Cir. 2014)).

AFFIRMED.