# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40340

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

YARENCY ZULEIMA LANDERO-GONZALEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-1020-1

Before DAVIS, HAYNES, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Yarency Zuleima Landero-Gonzalez appeals her conviction for two counts of unlawfully transporting undocumented aliens in violation of 8 U.S.C. § 1324. She argues that the district court committed plain error by sua sponte unsealing her financial affidavit and giving it to the prosecution for use on cross-examination for impeachment purposes. Because she lodged no objection

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40340

in the district court, plain error review applies.  Because she has failed to demonstrate that any error was "clear or obvious,"[1] we AFFIRM.

Landero-Gonzalez was charged with two counts of unlawfully transporting undocumented aliens in violation of 8 U.S.C. § 1324 following apprehension at a border checkpoint.  A few days after her arrest, Landero-Gonzalez submitted her financial affidavit to the district court to establish eligibility for court-appointed counsel under the Criminal Justice Act (the "CJA"), 18 U.S.C. § 3006A, and she was appointed a Federal Public Defender.

At trial, during direct examination by defense counsel, Landero-Gonzalez testified about the amount of money she possessed on the day of her arrest, and that her husband gave her some of that money.  The judge then held a bench conference during the lunch break, explaining that he was going to unseal the financial affidavit because it contradicted some of Landero-Gonzalez's testimony.  Landero-Gonzalez's counsel was granted time to review the financial affidavit and then said she had no objection "at this time."

Over objection, the prosecutor introduced the financial affidavit as an exhibit for impeachment purposes during cross-examination and used it to impeach Landero-Gonzalez's credibility.  The prosecutor pointed to statements made in the affidavit that contradicted Landero-Gonzalez's testimony at trial about whether she was married and the amount she paid monthly for her car.[2] In its rebuttal closing argument, the Government alluded to the financial

---

[1]  The Government argues that she waived any objection by her counsel's comments at trial by stating she had no objection "at this time."  Reviewing the relevant portions of the transcript in full, we disagree and apply plain error review.

[2]  More specifically, the financial affidavit said she was single and thus had no spousal income, lived with her boyfriend, and "food stamps" was her only source of income.  But Landero-Gonzalez testified at trial that she had a common law husband, he was employed, and she shared in his income.  The financial affidavit also failed to include monthly car payments as part of her monthly bills, even though at trial Landero-Gonzalez testified to a $396 monthly car payment, plus insurance, for the vehicle listed in the financial affidavit.

affidavit to suggest that Landero-Gonzalez's testimony was untrustworthy. The jury found her guilty. She appeals only the judgment of conviction and raises only issues related to the financial affidavit.

Landero-Gonzalez concedes, and the record confirms, that the standard of review is plain error because she did not object to the district court's unsealing of the financial affidavit. To show plain error, the defendant "must show (1) an error (2) that was clear or obvious (3) that affected his substantial rights." *United States v. Avalos-Martinez*, 700 F.3d 148, 153 (5th Cir. 2012) (per curiam). "Once those three conditions have been met, 'the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)).

Landero-Gonzalez argues that the district court denied her the right to a fair trial and violated Judicial Conference policy when, immediately after her direct-examination testimony concluded, the district court sua sponte unsealed her financial affidavit and gave it to the prosecutor to use as she wished. She also suggests that this might be a violation of her Fifth Amendment right against self-incrimination because she was never given any warning that her answers would be used against her in proceedings, and she additionally indicates that statements in a financial affidavit seeking counsel are "compelled" statements.

We pretermit consideration of whether the district court erred because we conclude any error is not "clear or obvious." Landero-Gonzalez concedes a lack of precedent governing the district court's remedies when a sealed affidavit is contradicted by trial testimony. She cites, instead, to volume 7, part A of the Guide to Judiciary Policy (the "Guide"), which provides "Guidelines for Administering the CJA and Related Statutes" under a program

called "Defender Services."  GUIDE TO JUDICIARY POLICY, Vol. 7, Pt. A (2017). The Guide states:

> Upon request, or upon the court's own motion, documents pertaining to activities under the CJA . . . may be judicially placed under seal or otherwise safeguarded until after all judicial proceedings . . . in the case are completed and for such time thereafter as the court deems appropriate.  Interested parties should be notified of any modification of such order.

*Id.* at § 510.40.  She argues that this section mandates "notice" before unsealing the financial affidavit and disclosing it to the prosecutor.  The policy states nothing about the timing or content of any such notification.  The district court in this case gave Landero-Gonzalez's attorney time to review the affidavit and to make an objection.  We perceive no clear or obvious error in the handling of the notification, even assuming it is required.  *Cf. Hollingsworth v. Perry*, 558 U.S. 183, 193 (2010) (per curiam) (observing that "the policy conclusions of the Judicial Conference may not be binding on the lower courts").

She points to nothing else that would suggest that the district court's actions violated her constitutional rights.  We ordinarily do not find plain error in the absence of controlling precedent or where the appellant's theory would require the extension of existing precedent.  *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009); *see also United States v. Narez-Garcia,* 819 F.3d 146, 152 (5th Cir. 2016).  This is not a case where controlling precedent is unnecessary because it is "plain from the face of the relevant statutes and regulations."  *United States v. Guillen-Cruz*, 853 F.3d 768, 772 (5th Cir. 2017). The arguments Landero-Gonzalez makes are "subject to reasonable dispute," rendering a finding of plain error improper.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.