# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20620

United States Court of Appeals
Fifth Circuit

**FILED**
May 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WARREN D. BROWN,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-81-1

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

EDITH H. JONES, Circuit Judge:\*

This is an appeal from a district court's classification of a criminal defendant as a Tier III sex offender for sentencing purposes under 42 U.S.C. § 20911 (the Sex Offender Registration and Notification Act), and its decision that the defendant's failure to register as a sex offender as required by federal law, 18 U.S.C. Sec. 2250(a), was itself a sex offense. Because courts are divided about whether the Uniform Code of Military Justice statute under which the defendant was convicted is comparable to the federal sexual abuse statute, it

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20620

was not plain error for the district court to determine that the two statutes were comparable and, consequently, to classify the defendant as a Tier III sex offender. The government concedes plain error, however, in the district court's assignment of the defendant's failure to register as a separate sex offense when calculating his period of supervised release. We AFFIRM the defendant's sentence, REVERSE the terms of his supervised release, and REMAND to the district court for proceedings consistent with this opinion.

## I. BACKGROUND

Warren Brown was convicted in 2015 in a Navy court martial of one count of Abusive Sexual Contact and two counts of Sexual Assault in violation of the Uniform Code of Military Justice ("UCMJ") and sentenced to eighty-six months in prison with all but eighteen months suspended. The court martial found that Brown had assaulted a woman who was "incapable of consenting . . . due to impairment by alcohol and that condition was known or reasonably should have been known" by Brown. Brown served his sentence and, upon his release from prison, signed a form that notified him to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"). Brown moved to Houston immediately after he was released but never registered as a sex offender with the Houston Police Department or the Harris County Sherriff's Office.

Brown was indicted for this violation in 2018 and pleaded guilty to failing to register as a sex offender in violation of 18 U.S.C. § 2250. Material for present purposes, the Pre-Sentence Report ("PSR") recommended that Brown's base offense level was that of a Tier III sex offender due to the length of Brown's military sentence. According to the final PSR calculation, Brown's sentencing-guideline range was 18 to 24 months. The PSR also recommended a guideline range for Brown's term of supervised release after his sentence of five years to life, and because "the instant offense of conviction is a sex offense," the PSR

2

No. 18-20620

recommended life.   The district court overruled Brown's stated objections, adopted in part the factual findings and guideline applications of the PSR, and sentenced Brown to 18 months' imprisonment and ten years of supervised release.

## II. STANDARD OF REVIEW

Because Brown raises new issues in this appeal that he did not raise in the district court, we review only for plain error.  *See United States v. Buck*, 847 F.3d 267, 274 (5th Cir. 2017).  Under plain-error review, an appellant must satisfy three conditions to obtain relief.  First, he must show that the issue raised has not been "intentionally relinquished or abandoned."  *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018).  Second, the alleged error must be plain—that is, "clear or obvious, rather than subject to reasonable dispute."  *United States v. Guillen-Cruz*, 853 F.3d 768, 770 (5th Cir. 2017) (internal quotation marks omitted).  Finally, the appellant must show that the error "affected his substantial rights."  *Id.* (citation omitted).  In other words, he must demonstrate a "reasonable probability that, but for the error, the outcome of the proceeding would have been different."  *Rosales-Mireles*, 138 S. Ct. at 1905.  If an appellant satisfies all three conditions, the court may "exercise its discretion" to correct the error if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.*

## III. DISCUSSION

Brown argues that the district court committed plain error by categorizing his prior conviction as a Tier III offense and by treating his failure to register as a sex offender as a separate sex offense when deciding supervised release.

3

No. 18-20620

A. Tier III Offense

Federal law requires sex offenders to "register, and keep the registration current, in each jurisdiction where the offender resides [and] where the offender is an employee . . . ."  34 U.S.C. § 20913 (formerly 42 U.S.C. § 16913). Sex offenders who fail to register are assigned a base offense level according to the severity of the past offense.  *See* 34 U.S.C. § 20911.  Tier III sex offenses are the most severe, including offenses against victims under the age of 13, offenses against other kinds of vulnerable victims, and offenses involving the use of force.  *Id.*  To qualify as Tier III, an offense must be punishable by more than one year of imprisonment and be "comparable to or more severe than" one of the enumerated offenses in the statute.  *Id.*  Brown contends that his offense under 10 U.S.C. § 920, the Sexual Assault statute in the Uniform Code of Military Justice, was not comparable to the enumerated offenses in § 20911(4)(A).  Consequently, his offense was improperly classified under Tier III.

The enumerated offenses in § 20911(4)(A) are "aggravated sexual abuse or sexual abuse" and "abusive sexual contact . . . against a minor who has not attained the age of 13 years."  Brown's offense did not involve a minor, thus the dispute in this case boils down to whether the offense of sexual assault under the UCMJ is comparable to the federal sexual abuse offense listed in § 20911(4)(A)(i).

This court uses the categorical approach to determine whether an offense is "comparable to or more severe than" one of the enumerated offenses listed in § 20911.  *United States v. Young*, 872 F.3d 742, 746 (5th Cir. 2017) (citations omitted).  In doing so, the court does not look to the particular facts of the underlying conviction and focuses only on comparing the elements or statutory definition of the prior offense to those of the enumerated offense.  *Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 2159 (1990).

4

No. 18-20620

Sexual assault under the UCMJ is defined in relevant part as "committ[ing] a sexual act upon another person . . . when the person *knows or reasonably should know* that the other person is asleep, unconscious, or otherwise unaware that the sexual act is occurring." 10 U.S.C. § 920(b)(2)(B) (emphasis added).

The federal sexual abuse statute defines sexual abuse in relevant part as "knowingly . . . engag[ing] in a sexual act with another person if that other person is incapable of appraising the nature of the conduct, or physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act." 18 U.S.C. § 2242.

Both statutes proscribe nonconsensual sexual acts; the relevant inquiry is whether the *mens rea* of the federal sexual abuse statute ("knowingly") applies equally to each element of the statute or only to the sexual act itself. If the federal sexual abuse statute only requires knowledge of the act but not knowledge of the victim's ability to consent, then it would punish a broader range of conduct than the UCMJ sexual assault statute: a federal defendant would be guilty solely for performing the act on an unaware victim, while a military defendant must at least be negligent about the victim's lack of capacity. If that were the case, there is no way a defendant could violate the UCMJ statute without also violating the federal sexual abuse statute and the district court correctly considered the offenses comparable.

If, however, the federal sexual abuse statute requires a defendant to have knowledge of both the sexual act and the victim's inability to consent, then the statute is narrower than the UCMJ sexual assault statute, which only requires a negligence (should have known) standard of awareness. The district court would have erred here when it found the defendant's UCMJ conviction comparable to a conviction under the federal sexual abuse statute.

The interpretation of the *mens rea* of the federal sex abuse statute is a matter of first impression in this court. Although, in reviewing other criminal statutes, the Supreme Court has held that there are "strong textual reasons" to apply "knowingly" to each element of a statute, *see Flores-Figueroa v. United States*, 556 U.S. 646, 650, 129 S. Ct. 1886, 1890 (2009), the specific question before us remains unsettled. The pattern jury instructions recognize uncertainty about whether § 2242 contains a mens rea requirement. *See* Fifth Circuit Pattern Jury Instructions (Criminal Cases), 2.82B Sexual Abuse—Victim Incapable 18 U.S.C. § 2242(2), comment. The Eighth Circuit—over a spirited dissent—held that "knowingly" applies to every element of the statute. *United States v. Bruguier*, 735 F.3d 754, 758 (8th Cir. 2013). In contrast, the pattern jury instructions of the Ninth and Seventh Circuits do not include a knowledge requirement for the victim's incapacity. *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 8.172 (2010); Pattern Jury Instructions of the Seventh Circuit 625 (2012).

Given the unsettled state of the law and the plain error standard of review, this court need not weigh in on the underlying issue. To reverse for plain error, a district court's error must be "clear or obvious, rather than subject to reasonable dispute." *Guillen-Cruz*, 853 F.3d at 770. In the face of obviously conflicting indications about the applicable law, the district court's determination that the UCMJ sexual assault statute and the federal sexual abuse statute are comparable was not plainly erroneous. Consequently, the decision to classify Brown as a Tier III sex offender in this case must be affirmed.

B. Categorization of Brown's Failure-to-Register Offense

Brown also appeals the district court's determination that his failure to register as a sex offender was a separate "sex offense" for purposes of calculating his term of supervised release. The government concedes plain

error.  An earlier decision of this court held that failing to register under SORNA does not qualify as a sex offense for guideline purposes.  *United States v. Putnam*, 806 F.3d 853, 855 (5th Cir. 2015) (per curiam).  The district court's error on this issue was clear, and it affected Brown's substantial rights, because the maximum permissible length of his supervised release would otherwise be five years.  The court gave no reason for assessing ten years.  Pursuant to *Rosales-Mireles,* 138 S. Ct. at 1904, this error warrants reversal.

## CONCLUSION

For these reasons, we **AFFIRM** Brown's sentence in part, **REVERSE** the length of his supervised release, and **REMAND** to the district court for further proceedings.