# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2022

Lyle W. Cayce
Clerk

No. 22-50076
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OSVALDO URIAS-RENTERIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-190-1

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Appellant Osvaldo Urias-Renteria pleaded guilty in 2021 to possessing a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] The district court assigned Urias-Renteria a base

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] Former § 924(a)(2) has since been amended and recodified at § 924(a)(8).

No. 22-50076

offense level of 20 for his prior conviction of aiding and abetting possession with intent to distribute marijuana. That court then sentenced Urias-Renteria to 78 months of imprisonment. He now contends that the district court plainly erred in calculating his base offense level because his prior marijuana conviction is no longer a controlled-substance offense under U.S.S.G. § 4B1.2(b).

Urias-Renteria did not raise this argument in the district court, so we review only for plain error. *United States v. Huerra*, 884 F.3d 511, 519 (5th Cir. 2018). To show plain error, an appellant must establish that a forfeited error is (1) clear or obvious and (2) affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If such a showing is made, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Urias-Renteria contends that, under the categorical approach, his prior marijuana conviction cannot be considered a controlled substance offense under § 4B1.2. He notes that the statute under which he was convicted in 2011 criminalized the possession of hemp, which was no longer a controlled substance under the federal Controlled Substance Act (CSA) in 2022 when he was sentenced for his firearm offense.

This court has never held that—because hemp was subsequently removed from the CSA prior to the time of federal sentencing—a pre-2018 predicate conviction is not a "controlled substance offense" for purposes of the Sentencing Guidelines. This court's case law on that issue is unsettled, and no error is plain from the face of the relevant statutes and regulations. Urias-Renteria therefore fails to show clear or obvious error. *See United States v. Guillen-Cruz*, 853 F.3d 768, 772 (5th Cir. 2017); *United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012).

Urias-Renteria's sentence is AFFIRMED.