**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | No. 16-50188 |
| v. | D.C. No. 3:16-cr-00219-DMS-1 |
| GUILLERMO ARRIAGA-PINON, AKA Guillermo Pinon-Ariaga, *Defendant-Appellant.* | OPINION |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted February 8, 2017
Pasadena, California

Filed April 7, 2017

Before: Sidney R. Thomas, Chief Judge, and Andrew J.
Kleinfeld and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Chief Judge Thomas;
Concurrence by Chief Judge Thomas

## SUMMARY[*]

### Criminal Law

The panel vacated a sentence and remanded for resentencing in a case in which the defendant challenged the district court's determination that his prior conviction under California Vehicle Code section 10851(a) constituted an aggravated felony.

The defendant contended that *Duenas-Alvarez v. Holder*, 733 F.3d 812 (9th Cir. 2013), which held that section 10851(a) is a divisible statute such that the modified categorical approach applies, must be overruled because *United States v. Mathis*, 136 S. Ct. 2243 (2016), compels the conclusion that the statute is indivisible. The panel wrote that it did not need to reach that question because even assuming *Duenas-Alvarez* remains good law, the conviction fails to satisfy the modified categorical test and therefore is not a qualifying predicate offense. The panel explained that *United States v. Vidal*, 504 F.3d 1072 (1997) (en banc), compels the conclusion that the judicially noticeable documents in this case are not sufficient to establish whether the defendant – who, in the plea colloquy, pled no contest to what the court described as "unlawful driving or taking of a vehicle in violation of Vehicle Code Section 10851(a)" – was convicted as a principal or as an accessory after the fact.

Concurring, Chief Judge Thomas wrote that although there was no need in this case to reach the issue whether

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

*Duenas-Alvarez* remained good law, *Mathis* has altered the legal landscape and requires this court, at the appropriate time, to re-examine its jurisprudence as to the divisibility of section 10851(a).

## COUNSEL

Kara Hartzler (argued), Federal Defenders of San Diego, Inc., San Diego, California, for Defendant-Appellant.

Mark R. Rehe (argued), Assistant United States Attorney; Helen H. Hong, Chief, Appellate Section, Criminal Division; Laura E. Duffy, United States Attorney; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

## OPINION

THOMAS, Chief Judge:

Guillermo Arriaga-Pinon ("Arriaga") appeals an eighteen-month sentence imposed after he pleaded no contest to unlawful reentry following removal in violation of 8 U.S.C. §§ 1326(a) and (b). Arriaga contends that, in light of the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), the district court erred when it applied the modified categorical approach to determine that his 2014 conviction under California Vehicle Code section 10851(a) constituted an aggravated felony. In the alternative, Arriaga argues that even if section 10851(a) is divisible, and the modified categorical approach applied, the record of conviction does not demonstrate that he was

convicted of an aggravated felony theft offense. We agree with Arriaga's alternative argument. We therefore vacate Arriaga's sentence and remand for resentencing.

I

After waiving indictment, Arriaga was charged with unlawful reentry into the United States in violation of 8 U.S.C. §§ 1326(a)[1] and (b).[2] According to the information, he was found in California in January 2016 despite having been "excluded, deported and removed from the United States to Mexico" in December 2015. Arriaga pleaded guilty and was sentenced to eighteen months in prison and two years of supervised release.

Arriaga had previously been convicted of violating California Vehicle Code section 10851(a) in January 2014. Count One of the relevant complaint alleged:

> On or about January 17, 2014, [Arriaga] . . . did unlawfully drive and take a certain vehicle, to wit, 1985 Nissan . . . then and there

---

[1] 8 U.S.C. § 1326(a) provides that "Subject to subsection (b) of this section, any alien who–(1) has been . . . deported, or removed . . . and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, unless [he hasn't left or has permission to reenter], shall be fined under Title 18, or imprisoned not more than 2 years, or both." 8 U.S.C. § 1326(a).

[2] 8 U.S.C. § 1326(b) provides criminal penalties for reentry of certain removed aliens. Specifically, where "removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both." 8 U.S.C. § 1326(b)(2).

the personal property of DANIEL BAUTISTA, ABRAHAM LOPEZ without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle.

In the plea colloquy, Arriaga pled no contest to what the court described as "unlawful driving or taking of a vehicle in violation of Vehicle Code Section 10851(a)."

The presentencing report acknowledges a discrepancy as to the count of conviction in the court documents in that the judgment notes Arriaga was convicted of receiving stolen property under Count 3 as well as of stealing a vehicle under Count 1. Nevertheless, the presentencing report concludes—and the parties appear to agree—that Arriaga only pleaded nolo contendere to Count 1 of the felony complaint, which states that Arriaga did "unlawfully drive and take a certain vehicle, to wit, 1985 Nissan [personal property of owner] . . . without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle." A minute order dated January 22, 2014, also recorded that Arriaga pleaded nolo contendere to Count 1, a violation of section 10851(a). The plea transcript reflects the same, indicating that Arriaga pled nolo contendere on Count 1 alongside a co-defendant who pled nolo contendere on Count 3.

At sentencing, the United States argued that, pursuant to United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 2L1.2(b)(1)(C), Arriaga should be subject to an eight-level sentencing enhancement on the basis of this conviction. Specifically, the government explained that although section 10851 is not a categorical match for an

aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G), the state statute is divisible and the modified categorical approach would reveal a match. The district court agreed and applied the enhancement, ultimately sentencing Arriaga to eighteen months in prison—the lowest in the range—after having taken into account some mitigating factors.

Arriaga timely appealed his sentence, arguing that *Mathis v. United States*, 136 S. Ct. 2243 (2016), made the modified categorical approach inapplicable to section 10851(a) because the statute is indivisible under *Mathis* and therefore it cannot qualify as a generic theft offense. In the alternative, Arriaga argued that even if section 10851(a) remains divisible under the new *Mathis* framework, his own conviction documents do not unambiguously show that he was convicted of an aggravated felony theft offense.

Whether a specific "conviction constitutes an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C) is a question of law that [this Court] review[s] de novo." *United States v. Vidal*, 504 F.3d 1072, 1075 (9th Cir. 2007) (en banc).

II

Our examination to determine whether a conviction constitutes an aggravated felony under the Guidelines is governed by the analysis articulated by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), as recently modified by *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Under that analysis, we inquire first "whether the elements of the crime of conviction sufficiently match the elements of

[the generic federal crime]." *Mathis*, 136 S. Ct. at 2248. If the statute is overbroad and thus not a categorical match, we next ask whether the statute's elements are also an indivisible set. *See id.* at 2248–49. Finally, if the statute is divisible, then the modified categorical approach applies and "a sentencing court looks to a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of." *Id.* at 2249; *see also Almanza-Arenas v. Lynch*, 798 F.3d 863, 867–68 (9th Cir. 2015) (en banc).

Our first task, then, is to examine the statute of conviction to determine whether it categorically qualifies as a predicate offense for federal sentencing purposes. In doing so, we focus solely on whether the elements of the statute of conviction match the elements of the identified qualifying federal offense. *Taylor*, 495 at 600–01. If they do, the conviction may be used to enhance the sentence without looking further. However, if the state statute criminalizes conduct that would not qualify as a federal predicate offense, then the offense does not categorically qualify as a proper predicate offense. *United States v. Corona-Sanchez*, 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc), *superseded on other grounds* by U.S.S.G. § 2L1.2 cmt. n. 2 (2002). In this case, our task is easy, because we have already held that a conviction under section 10851(a) does not satisfy the elements of the generic theft offense, as required in order to apply the categorical approach. *Vidal*, 504 F.3d at 1074. Section 10851(a) does not match the elements of the generic theft offense because it applies not only to the principals and accomplices, but also to accessories after the fact. *See id.* at 1074–75.

Thus, we turn to the second analytical step, namely, whether section 10851(a) contains a single, indivisible set of

elements.  At first blush, that examination would appear easy, because we have previously held that "California Vehicle Code section 10851(a) is divisible in that it imposes criminal liability in the alternative on principals as well as on accessories after the fact."  *Duenas-Alvarez v. Holder*, 733 F.3d 812, 814 (9th Cir. 2013).  That would seem to end the matter.  However, Arriaga argues that *Mathis* compels the conclusion that the statute is actually indivisible.  Thus, he contends that *Duenas-Alvarez* must be overruled.

Three-judge panels are not free to overrule prior circuit precedent unless intervening Supreme Court or en banc authority "undercut[s] the theory or reasoning underlying the prior circuit precedent in a way that the cases are clearly irreconcilable."  *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).  As discussed in the concurrence, there are serious questions as to whether *Duenas-Alvarez* is clearly irreconcilable with *Mathis*.  However, we need not reach that question in this case because, even assuming *Duenas-Alvarez* remains good law, the conviction fails to satisfy the modified categorical test at stage three, and therefore is not a qualifying predicate offense.

At stage three of the examination, we employ the modified categorical analysis.  "The modified categorical approach allows courts to look beyond the statutory text to a limited set of documents to determine the elements of the state offense of which the defendant was convicted when some alternative elements of the state crime would match the federal, generic crime, and other alternative elements would not."  *Rendon v. Holder*, 764 F.3d 1077, 1083 (9th Cir. 2014).  The modified categorical approach "merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute."  *Descamps v. United States*,

133 S. Ct. 2276, 2285 (2013). Thus, the modified approach "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." *Id*.

Under the modified categorical analysis, "[a] prior conviction based on an overly inclusive criminal statute that resulted from a guilty plea rather than a jury verdict will support a sentence enhancement only if the record confirms that the plea 'necessarily' rested on the fact identifying the [offense] as generic." *United States v. Vidal*, 504 F.3d 1072, 1086 (1997) (en banc) (quoting *Shepard v. United States*, 544 U.S. 13, 21 (2005)). In making this determination, our review is "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard*, 544 U.S. at 16. We may not "look beyond the record of conviction itself to the particular facts underlying the conviction." *Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1164 (9th Cir. 2006) (internal quotation marks omitted) (quoting *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir.2004)).

In this case, we confront a record of conviction almost identical to the one we considered in *Vidal.* In that case, we concluded that the judicially noticable documents did not satisfy the requirements of the modified categorical approach because the record of conviction did not establish that he was actually convicted of a qualifying aggravated felony theft offense. The felony complaint in Arriaga's case describes him as "unlawfully driv[ing] and tak[ing] a certain vehicle," which is precisely the same as the complaint in *Vidal*, *see* 504 F.3d at 1075. In *Vidal*'s case, as in Arriaga's, "the written plea and waiver of rights form shows that [the defendant] pled guilty only to driving a stolen vehicle" and

that "[n]o recitation of the factual basis for [his] plea appears on this form." *Id.* In both cases, the defendants entered a *nolo contendere* plea. Both pleas were given as to the statute, not the charging document. Thus, neither defendant admitted "the specific details about his conduct on the counts to which he pled guilty." *Id.* at 1089 (quoting *Carty v. Nelson*, 426 F.3d 1064, 1068 (9th Cir. 2005)). Further, in Arriaga's plea colloquy, the court asked how Arriaga would plead to "Count 1 with unlawful driving or taking of a vehicle in violation of Vehicle Code Section 10851(a)." The record is ambiguous whether Arriaga was pleading nolo contendere to the "or" stated in the plea colloquy or to the "and" in the felony complaint. Thus, from the judicially noticable documents we may examine under the modified categorical approach, the record does not establish as to whether he was convicted as a principal or as an accessory after the fact. Therefore, the conviction does not qualify under the modified categorical approach.

The government contends that *Duenas-Alvarez* suggests a different conclusion. However, *Duenas-Alvarez* involved markedly different facts. The defendant was charged with the crime of *taking* a vehicle without the owner's consent and that he "did willfully and unlawfully drive or take" the vehicle. 733 F.3d at 815. The abstract of judgment showed that the defendant pleaded guilty to "auto theft." *Id.* In short, the conviction documents in *Duenas-Alvarez* differ significantly from the documents at issue here and in *Vidal*. *Vidal* compels our conclusion that the judicially noticable documents are not sufficient to show that Arriaga was convicted of an aggravated felony within the meaning of the Guidelines.

Accordingly, the district court erred in applying a sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C). We therefore reverse and remand for resentencing.

**REVERSED AND REMANDED.**

---

THOMAS, Chief Judge, concurring:

I take the somewhat unusual step of writing a separate concurrence to address the issue the panel did not need to resolve, namely whether the Supreme Court's recent analysis in *Mathis v. United States*, 136 S. Ct. 2243 (2016) requires us to overrule *Duenas-Alvarez v. Holder*, 733 F.3d 812 (9th Cir. 2013). I conclude that it does. However, three judge panels should take care in overruling prior circuit precedent as posing an "irreconcilable conflict" with intervening precedent pursuant to *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). In this case, because the defendant was entitled to relief regardless of whether *Duenas-Alvarez* remained good law, there was no need to reach that issue. However, because *Mathis* has altered the legal landscape, I believe that the question should be addressed at an appropriate time.

In *Mathis*, the Court emphasized "*Taylor*'s demand for certainty" in determining whether the statute of conviction qualified as a predicate offense under applicable federal law. 136 S. Ct. at 2257 (quoting *Shepard v. United States*, 544 U.S. 13, 21 (2005)). The focus of *Mathis* was the determination of that "certainty" in deciding whether the statute of conviction was divisible at stage two of the analysis

we described in *Almanza-Arenas v. Lynch*, 798 F.3d 863, 867–68 (9th Cir. 2015) (en banc).

In *Mathis*, the Court analyzed a law that did not categorically qualify as a predicate crime. It thus proceeded to examine whether the statute was divisible because it listed multiple elements disjunctively, or indivisible because it enumerated various factual means of committing a single element of the crime. 136 S. Ct. at 2249. Thus, the "first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means." *Id.* at 2256. To make that determination, the Court instructed that three different sources should be consulted: (1) state case law, (2) the text of the statute, and (3) certain conviction records. *Id.* at 2256–57.

As to state case law, the Court noted that federal courts are bound by state courts' interpretation of state law, including any determination of a state offense's elements. *Johnson v. United States*, 559 U.S. 133, 138–39 (2010)). So, when a state supreme court has held that a statute lists "'alternative method[s]' of committing one offense . . . a sentencing judge need only follow" that guidance. *Mathis*, 136 S. Ct. at 2256 (citing *Schad v. Arizona*, 501 U.S. 624, 636 (1991)).

The Court also noted that "the statute on its face may resolve the issue" by assigning different punishments to different statutory alternatives. *Id.* Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), those alternatives must necessarily be elements. *Id.* By contrast, "if a statutory list is drafted to offer 'illustrative examples,' then it includes only a crime's means of commission." *Id.* (citing *United States v.*

*Howard*, 742 F.3d 1334, 1348 (11th Cir. 2014); *United States v. Cabrera-Umanzor*, 728 F.3d 347, 353 (4th Cir. 2013)).

Finally, if "state law fails to provide clear answers, federal judges have another place to look: the record of a prior conviction itself." *Mathis*, 136 S. Ct. at 2256. Indeed, the Court cited Judge Kozinski's explanation of this tool approvingly, writing that "such a 'peek at the [record] documents' is for 'the sole and limited purpose of determining whether [the listed items are] element[s] of the offense." *Id.* at 2257 (alterations in original) (citing *Rendon v. Holder*, 782 F.3d 466, 473–74 (9th Cir. 2015) (Kozinski, J., dissenting from denial of reh'g en banc). Helpful documents may include "an indictment and correlative jury instructions." *Id.* And the use of "a single umbrella term" in charging documents might show that each listed alternative is only a possible means of commission whereas "referencing one alternative term to the exclusion of all others" could indicate that the statute contains a list of elements. *Id.* But the Court also noted that "such record materials will not in every case speak plainly, and if they do not, a sentencing judge will not be able to satisfy '*Taylor*'s demand for certainty' when determining whether a defendant was convicted of a generic offense." *Id.* (citing *Shepard*, 544 U.S. at 21).

Applying the *Mathis* analysis to the statute in question leads to the conclusion that it is an individual statute for federal sentencing purposes.

First, California case law does not establish that the statute is divisible under the *Mathis* analysis. There is no example of a California case that defines a separate set of elements under section 10851 for those convicted as a

principal under the statute and those convicted as an accessory after the fact. *See People v. Barrick*, 654 P.2d 1243, 1255 (Cal. 1982) (in bank) (defining the elements of section 10851); *People v. Moon*, 117 P.3d 591, 607 (Cal. 2005) ("[Section 10851] requires a driving or taking with the specific intent to deprive the owner permanently or temporarily of title or possession of the automobile.") (quoting *Barrick*, 654 P.2d at 1255); *People v. James*, 203 Cal. Rptr. 716, 719 (Cal. Ct. App. 1984); *People v. Green*, 40 Cal. Rptr. 2d 239, 247 (Cal Ct. App. 1995). A conviction for being an accessory after the fact does not trigger the eight-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C). *Vidal*, 504 F.3d at 1090. The fact that this Court noted in *Vidal* that a defendant only "could have been convicted as an accessory after the fact *instead of as*, not *in addition to*, a principal," 504 F.3d at 1087 n.26 (emphases in original), does not change the fact that a jury need not agree that a defendant was either the accessory or the principal. It is only true that any single juror must conclude beyond a reasonable doubt that the defendant was either an accessory after the fact or a principal and not both or either. *Vidal* relied on one case, *People v. Slayden*, 166 P.2d 304 (Cal. Ct. App. 1946), to conclude that prosecution as an accessory was proper "with an appropriately modified jury instruction." 504 F.3d at 1084 n.20. But this case from 1946 appears to be an anomaly—the parties cited no other.[1] More recent cases suggest no separate

---

[1] The State cites *People v. Umanzor*, 2009 WL 604921 (Cal. Ct. App. 2009) (unpublished), asserting that the charges in this case demonstrate that section 10851(a) must be divisible as to principal and accessory after the fact liability. But a single, unpublished case from the California Court of Appeals—which provides an account of the statute in question that conflicts with other unpublished cases—"fails to provide clear answers."

accomplice jury instruction is required. *See, e.g.*, *People v. Queen*, 2002 WL 1360673, at \*4 (Cal. Ct. App. June 24, 2002) ("[T]he trial court properly instructed the jury that a finding that Queen was a passenger and not in the garage at the time of the taking would not *foreclose* a conviction, *provided* the jury found *all of the elements of the crime were met*, that is, that Queen participated in taking or driving with the specific intent at the time the car was taken to deprive the owner of his vehicle either temporarily or permanently. This response was a proper statement of law.") (emphases in original); *People v. Venegas*, 2012 WL 734094, at \*11 (Cal. Ct. App. Mar. 6, 2012). Therefore, state law does not compel the conclusion that the statute is divisible.

Second, the statute itself is not a clearly elemental statute, as described in *Mathis*. It criminalizes:

> [a]ny person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing[.]

The statute does not attach particular punishments to potentially distinct crimes, nor does it list elements and explicitly suggest that they attach to one alternative over another. Thus, under *Mathis*, we cannot conclude that the

---

*See Mathis*, 136 S. Ct. at 2256. In short, state case law does not definitively answer whether section 10851(a) is divisible at this time.

statute is divisible from the plain language of the statute alone.

The final analytic step is the Kozinski "peek" at the records of conviction. As the Opinion suggests, Arriaga's records of conviction do not plainly speak to the elements of his crime of conviction. Nor do the records of conviction of other similarly-situated defendants.

Thus, when we apply the analytical framework set forth in *Mathis*, we cannot conclude, with the certainty that *Taylor* demands that California Vehicle Code section 10851(a) is divisible. Therefore, for the purposes of federal law, we must treat it as an indivisible statute under *Mathis*.

Of course, I recognize that our Circuit has reached a contrary conclusion in cases decided prior to *Mathis*, as noted by the majority opinion. We analyzed the statute at issue in this case in both *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (en banc) and in *Duenas-Alvarez v. Holder*, 733 F.3d 812 (9th Cir. 2013). The *Vidal* Court never explicitly addressed divisibility, holding instead that under the modified categorical approach, the records of conviction did not show with certainty whether the defendant was convicted as a principal or an accessory after the fact under section 10851(a), thus precluding the extension of liability for the generic federal offense. 504 F.3d at 1090.

*Duenas-Alvarez v. Holder*, 733 F.3d 812 (9th Cir. 2013) did discuss section 10851(a)'s divisibility, but only insofar as it concluded that the statute "is divisible in that it imposes criminal liability in the alternative on principals as well as on accessories after the fact." *Id.* at 814. This determination rested almost entirely on the fact that section 10851(a) is

phrased in the disjunctive—which can mean that a statute refers to separate crimes with separate elements. However, as *Mathis* made clear, the inquiry does not end at noticing that a statute is phrased in the disjunctive. *See Mathis*, 136 S. Ct. at 2253 ("[A] statute's listing of disjunctive means does nothing to mitigate the possible unfairness of basing an increased penalty on something not legally necessary to a prior conviction.").

I do not suggest these conclusions were incorrect based on the law applicable at the time. But *Mathis* has altered the legal landscape. In applying *Mathis* to this statute, I conclude that we must consider it indivisible for federal sentencing purposes. Therefore, although I concur fully in the majority analysis, I believe *Mathis* requires us, at the appropriate time, to re-examine our jurisprudence as to the divisibility of section 10851(a).