Concurrence by Judge GRABER
ORDER
Appellant’s petition for panel rehearing is GRANTED. The memorandum disposition previously filed December 14, 2016, and appearing at 665 FedAppx. 635, is hereby withdrawn. As the court’s memorandum disposition is withdrawn, Appellant’s petition for rehearing en banc is DENIED as moot. A published opinion will be filed contemporaneously with this order. Further petitions for rehearing and rehearing en banc may be filed.
OPINION
PER CURIAM:
Defendant Jose Ochoa, a citizen of Mexico, was convicted of conspiracy to export defense articles without a license, 18 U.S.C. § 371, 22 U.S.C. § 2778, and was removed from the United States because of that conviction. When he returned to the United States, he was convicted of illegal reentry in violation of 8 U.S.C. § 1326. In this appeal,. he argues that the removal order was invalid because his 18 U.S.C. § 371 conviction for conspiring to violate 22 U.S.C. § 2778 was not a categorical match to the Immigration and Nationality Act’s (“INA”) aggravated felony or firearms offense categories. Reviewing de novo, United States v. Alvarado-Pineda, 774 F.3d 1198, 1201 (9th Cir. 2014), we hold that Defendant was not originally removable as charged, and so could not be convicted of illegal reentry. We therefore reverse the judgment of conviction.
FACTUAL AND PROCEDURAL BACKGROUND
In 1998, Defendant was indicted for violating 18 U.S.C. § 371, the generic conspiracy statute; the object of the conspiracy was a violation of the Arms Export Control Act, 22 U.S.C. § 2778, exporting defense articles without a license. Defendant pleaded guilty to those charges in 1998 and was sentenced to a term of imprisonment. While in federal prison, he was served with a notice to appear in November 1998, charging him with removability. The notice to appear alleged, among other things, that Defendant was convicted on April 6, 1998, *1014 of conspiracy to export defense articles without a license in violation of 18 U.S.C. § 371 and 22 U.S.C. § 2778(a), and that the “ ‘defense articles’ included firearms and ammunition per criminal indictment #CR-M-97-387.” Defendant’s purported removability was predicated on conviction of an aggravated felony as set forth in 8 U.S.C. § 1101(a)(43)(C) and on conviction of a firearms offense as set forth in 8 U.S.C. § 1227(a)(2)(C).
At the hearing before an immigration judge (“IJ”) on January 21, 1999, Defendant appeared without a lawyer, though he was offered more time to secure one. At the outset, the IJ explained that Defendant could appeal any decision rendered and provided Defendant with a document correctly explaining his appellate rights. With respect to the underlying conviction, the IJ asked if “some of the things [he was] exporting [were] firearms and ammunition,” and Defendant answered, “Yes I was.” After reviewing the certified indictment and judgment, the IJ explained that those documents “indicate[d] that between December 4th of 1997 and December 7th of that same year, [Defendant] and others conspired to ship firearms and ammunition from the United States to Mexico,” and that the “[vehicle] [Defendant] was in possession of contained 9 firearms and approximately 28,000 rounds of ammunition.” The IJ “f[ou]nd that the charge of deporta-bility under section [237(a)(2)(C) ] of the [INA] has been sustained” and allowed the government “to amend by pen and ink the charge under 237 to read 101(a)(43)(U),” clarifying that Defendant’s conviction was for conspiracy. The IJ found Defendant removable as charged.
After an exchange with Defendant, the IJ concluded: “I don’t see that there is any relief available to you.” He continued: “Now, you can accept that decision but if you disagree with it, you would have 30 days to appeal it. Did you want to accept my decision or reserve your right to appeal?” Defendant accepted. He served the remainder of his federal prison sentence and was removed to Mexico following his release on April 13, 2001.
In 2014, federal agents discovered Defendant in California; he was indicted for illegal reentry, under 8 U.S.C. § 1326. Defendant moved to dismiss the indictment, arguing that his 2001 removal proceedings violated due process because his prior conviction constituted neither an aggravated felony nor a firearms offense — an argument known as a “collateral attack” on the removal order. The district court denied that motion, Defendant was convicted, and the court sentenced Defendant to 16 months in prison. Following his release, Defendant was removed to Mexico once again. Defendant timely appeals.
DISCUSSION
A. Availability of Collateral Review
A defendant charged with illegal reentry pursuant to 8 U.S.C. § 1326 has the right to bring a collateral attack challenging the validity of his underlying removal order, because that order serves as a predicate element of his conviction. United States v. Aguilera-Rios, 769 F.3d 626, 629-30 (9th Cir. 2014); see also United States v. Mendoza-Lopez, 481 U.S. 828, 838, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987) (holding, before enactment of § 1326(d), that due process requires an opportunity to collaterally challenge a removal proceeding “at the very least where the defects ... foreclose judicial review of that proceeding”). The mechanism for mounting such a challenge is codified in § 1326(d). To succeed, Defendant must demonstrate that: (1) he has exhausted any administrative remedies that may have been available to seek relief from the order; (2) the deportation proceedings at *1015 which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). But under our circuit’s law, if Defendant was not convicted of an offense that made him removable under the INA to begin with, he is excused from proving the first two requirements. See United States v. Camacho-Lopez, 450 F.3d 928, 930 (9th Cir. 2006) (holding all three requirements satisfied when notice to appear had charged removability solely on the basis of a crime that was not an aggravated felony under intervening case law); United States v. Pallares-Galan, 359 F.3d 1088, 1096, 1103-04 (9th Cir. 2004) (analyzing the statute of conviction to determine that the removal order was improper, satisfying first two elements, but remanding for the district court to consider the third element).
As explained below, we conclude that Defendant’s statute of conviction was not an aggravated felony. And “§ 1326(d)(1) and (d)(2) [a]re satisfied when the IJ improperly characterized a prior conviction as an aggravated felony and erroneously informed the alien that he was ineligible for discretionary relief.” United States v. Gonzalez-Villalobos, 724 F.3d 1125, 1131 (9th Cir. 2013). With respect to § 1326(d)(3), we have explained that, if Defendant “ “was removed when he should not have been,’ his ... removal was fundamentally unfair, and he may not be convicted of reentry after deportation.” Aguilera-Rios, 769 F.3d at 630 (quoting Camacho-Lopez, 450 F.3d at 930). In its original briefing, the government conceded that “[Defendant’s] appeal turns on the third prong of this test” and that, if the third prong is satisfied, “his appeal should be granted.”
When evaluating whether a defendant “would have had the right to be in the United States, as a lawful permanent resident, but for the I J’s determination that he was removable,” we have adopted the view that “statutory interpretation decisions are fully retroactive.” Id. at 633 (applying intervening Supreme Court precedent retroactively); see also Pallares-Galan, 359 F.3d at 1103-04 (conducting statutory interpretation and applying it retroactively). As a result, we can identify no bar in 8 U.S.C. § 1326(d) to considering Defendant’s challenge on the merits. Here, the § 1326(d) inquiry collapses into a de novo review of Defendant’s removability in 1998.
B. Categorical Analysis
Defendant argues that his prior conviction did not support removal. To analyze that question, we apply the categorical approach announced by the Supreme Court in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and its progeny. The analysis proceeds in three steps:
[W]e inquire first “whether the elements of the crime of conviction sufficiently match the elements of the generic federal crime.” If the statute is overbroad and thus not a categorical match, we next ask whether the statute’s elements are also an indivisible set. Finally, if the statute is divisible, then the modified categorical approach applies and “a sentencing court looks to a limited class of documents to determine what crime, with what elements, a defendant was convicted of.”
United States v. Arriaga-Pinon, 852 F.3d 1195, 1198-99 (9th Cir. 2017) (alterations omitted) (quoting Mathis v. United States, -U.S.-, 136 S.Ct. 2243, 2248-49, 195 L.Ed.2d 604 (2016)).
1. Overbreadth
In determining whether the statute of conviction “categorically qualifies as a *1016 predicate offense” for immigration purposes, “we focus solely on whether the elements of the statute of conviction match the elements of the identified qualifying federal offense.” Id. at 1199 (citing Taylor, 495 U.S. at 600-01, 110 S.Ct. 2143). If the elements match, Defendant’s removal order was proper. But if the statute of conviction “criminalizes conduct that would not qualify as a federal predicate offense, then the offense does not categorically qualify as a proper predicate offense.” Id.
Defendant was convicted of generic federal conspiracy in violation of 18 U.S.C. § 371.[1] The object of that conspiracy was the unlicensed export of defense articles in violation of 22 U.S.C. § 2778(b)(2), which provides:
[N]o defense articles or defense services designated by the President under [the United States Munitions List] may be exported or imported without a license
[[Image here]]
Willful violation of this provision is- a federal crime. Id. § 2778(c). The Munitions List referenced in § 2778 includes both firearms and ammunition, but also a vast array of other items, including “underwater hardware” and various chemicals and biological materials. 22 C.F.R. § 121.1.
The IJ held that Defendant’s conviction constituted two generic offenses, each justifying removability under the INA. First, the IJ held that the crime of conviction was an “aggravated felony,” which the INA defines as (among other things) a “conspiracy to commit” “illicit trafficking in firearms or destructive devices (as defined in [18 U.S.C. § 921]).” 8 U.S.C. § 1101(a)(43)(U), (C). The referenced provision defines a “firearm” in relevant part as “any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.” 18 U.S.C. § 921(a)(3). Second, the IJ held that Defendant’s prior conviction was a “firearm offense[],” which includes conspiring to “purchase[], sell[], offer[] for sale, ex-chang[e], us[e], own[], possess[], or carry[] ... any weapon, part, or accessory which is a firearm.” 8 U.S.C. § 1227(a)(2)(C).
The elements of 22 U.S.C. § 2778 “sweep[ ] more broadly” than the elements of the generic federal aggravated felony or firearms offenses. Descamps v. United States, — U.S.-, 133 S.Ct. 2276, 2283, 186 L.Ed.2d 438 (2013). By incorporating the entire Munitions List, § 2778 criminalizes unlicensed export of a broad range of “munitions,” such as “underwater hardware”; neither generic federal definition speaks to most of the items on that list. Thus, Defendant’s underlying conviction “does not categorically qualify as a proper predicate offense.” Arriaga-Pinon, 852 F.3d at 1199; accord United States v. Guillen-Cruz, 853 F.3d 768, 773 (5th Cir. 2017).
2. Divisibility
The next step requires determining whether Defendant’s underlying statute of conviction “contains a single, indivisible set of elements.” Arriaga-Pinon, 852 F.3d at 1199. “Only divisible statutes are subject to the modified categorical approach.” Sandoval v. Yates, 847 F.3d 697, 704 (9th Cir. 2017). Here, we must decide whether the many items on the Munitions List constitute alternative elements of 22 U.S.C. § 2778, or merely list alternative *1017 means of committing a single crime. See Mathis, 136 S.Ct. at 2256 (explaining that, when “faced with an alternatively phrased statute,” courts must “determine whether its listed items are elements or means”). “[A] single element must be part of the charged offense with which a jury necessarily found the defendant guilty.” Almanza-Arenas v. Lynch, 815 F.3d 469, 477 (9th Cir. 2016) (en banc) (citing Taylor, 495 U.S. at 602, 110 S.Ct. 2143).
We begin by considering the statute’s text. See id. We may also consult court decisions interpreting the statute. Mathis, 136 S.Ct. at 2256 (discussing “authoritative sources of state law”); Sandoval, 847 F.3d at 704 (“[A] court looks first to the statute itself and then to the case law interpreting it.”). But if these sources are not dispositive, we may “peek at the record documents [for] the sole and limited purpose of determining whether the listed items are elements of the offense.” Mathis, 136 S.Ct. at 2256-57 (brackets omitted) (quoting Rendon v. Holder, 782 F.3d 466, 473-74 (9th Cir. 2015) (Kozinski, J., dissenting from denial of reh’g en banc)). If the text is drafted with alternative elements, effectively creating “several different crimes,” Descamps, 133 S.Ct. at 2285 & n.2 (internal quotation marks and ellipsis omitted), the statute is divisible, Mathis, 136 S.Ct. at 2256.
Section 2778(b)(2) provides that “no defense articles or defense services designated by the President [on the Munitions List] may be exported or imported without a license.” 22 U.S.C. § 2778(b)(2). Any person who violates § 2778(b)(2), or “any rule or regulation issued under th[at] section,” may be fined not more than $1 million or imprisoned for not more than 20 years, or both. Id. § 2778(c). We know of no binding caselaw resolving whether a jury must specifically decide which defense article a § 2778 defendant exported without a license. In an earlier case, we noted that “the elements of an export control violation under 22 U.S.C. § 2778 are as follows: the (1) willful (2) export or attempted export (3) of articles listed on the [Munitions List] (4) without a license.” United States v. Chi Mak, 683 F.3d 1126, 1131 (9th Cir. 2012) (citing Kuhali v. Reno, 266 F.3d 93, 104 (2d Cir. 2001)); see also United States v. Covarrubias, 94 F.3d 172, 175 (5th Cir. 1996) (per curiam) (same); United States v. Murphy, 852 F.2d 1, 6 (1st Cir. 1988) (same). Despite our generalized treatment of the “article” element in Chi Mak, the jury charge in that case specifically asked the jurors to find that the defendant had exported “technical data.” 683 F.3d at 1132. Because of the ambiguity, that case does not resolve the unanimity question before us. See also United States v. Bishop, 740 F.3d 927, 931 (4th Cir. 2014) (describing a § 2778 indictment charging the specific ammunition that the defendant attempted to export).[2]
Faced with a lack of clarity, we may “peek” at the indictment for insight into the element-or-means distinction. *1018 Mathis, 136 S.Ct. at 2256-57. Discussing the Iowa burglary statute at issue in Mathis, the Supreme Court explained that, if “one count of.an indictment and correlative jury instructions charge a defendant with burgling a ‘building, structure, or vehicle’ — thus reiterating all the terms of Iowa’s law,” it would be “as clear an indication as any that each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt.” Id. at 2257 (citing Descamps, 133 S.Ct. at 2290). On the other hand, “an indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime.” Id. Here, the count to which Defendant pleaded guilty alleged a conspiracy to export “defense articles, that is, firearms and ammunition, which were designated as defense articles on the United States Munitions List.” That both defense articles were charged in a single count is telling: although a count joining two or more distinct offenses is duplicitous, “there is no bar to stating a charge in a single count if a statute is read to create a single crime but provides for various ways to commit it.” 1A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 142 (4th ed.). Taking Mathis at its word, the indictment combining more than one Munitions List item into a single count “is as clear an indication as any that each alternative is only a possible means of commission, not an element.” 136 S.Ct. at 2257. But to the extent that these materials do not “speak plainly” enough, we cannot “satisfy ‘Taylor’s demand for certainty’ when determining whether a defendant was convicted of a generic offense.” Id. (quoting Shepard v. United States, 544 U.S. 13, 21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)); see also Arriaga-Pinon, 852 F.3d at 1201 (Thomas, C.J., concurring) (noting that the “focus of Mathis was the determination of that ‘certainty’ in deciding whether the statute of conviction was divisible”). This reasoning means that the statute of conviction was not divisible, ending our analysis. Thus, we do not proceed to the modified categorical approach.
CONCLUSION
Because the statute was overbroad and indivisible, Defendant’s conviction under 22 U.S.C. § 2778 could not serve as a proper predicate for removal — either as an aggravated felony or a firearms offense. Accordingly, we REVERSE and REMAND with instructions to dismiss the indictment.

. In addition to arguing that 22 U.S.C. § 2778 is overbroad and indivisible, Defendant argues, in the alternative, that the generic conspiracy statute itself is indivisible, precluding a "second step” analysis of § 2778, the conspiracy's object offense. Because, as explained below, we hold that § 2778 is overbroad and indivisible, we decline to reach Defendant’s argument concerning the conspiracy statute.

. Before Mathis, the Fifth Circuit had held that a conviction under 18 U.S.C. § 554 for violating 22 U.S.C. § 2778 was divisible, Franco-Casasola v. Holder, 773 F.3d 33, 37-38 (5th Cir. 2014), but as we pointed out in Almanza-Arenas, that court "ha[d] not addressed the elements versus means distinction, but rather seem[ed] to apply the modified approach to all disjunctive subsections.” 815 F.3d at 480 n.17. More recently, the Fifth Circuit held that § 2778 was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(C). Guillen-Cruz, 853 F.3d at 771. The court reached that holding in the alternative. First, under the modified categorical approach, the defendant did not plead guilty to exporting an item on the munitions list. Id. at 772-73. Second, the court held that the conviction was not an aggravated felony under the categorical approach, though it did not reach the divisibility prong. Id. at 773. As explained, we employ different reasoning here.