**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARBIN RENE REYES-RUIZ,

Defendant-Appellant.

No.    16-50494

D.C. No.
3:16-cr-00883-MMA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted August 6, 2018[**]
Pasadena, California

Before:  HAWKINS, M. SMITH, and CHRISTEN, Circuit Judges.

Marbin Rene Reyes-Ruiz appeals his conviction for attempted illegal reentry

in violation of 8 U.S.C. § 1326 through a collateral challenge to the validity of a

prior removal order.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"A defendant charged with illegal reentry pursuant to 8 U.S.C. § 1326 has the right to bring a collateral attack challenging the validity of his underlying removal order, because that order serves as a predicate element of his conviction." *United States v. Ochoa*, 861 F.3d 1010, 1014 (9th Cir. 2017) (per curiam). A defendant successfully brings a collateral attack when he demonstrates that: (1) he has "exhausted any administrative remedies that may have been available to seek relief against the order;" (2) "the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review;" and (3) "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).

In this circuit, if a defendant "was not convicted of an offense that made him removable under the [Immigration and Nationality Act] to begin with, he is excused from proving the first two requirements." *Ochoa,* 861 F.3d at 1015. "An order is 'fundamentally unfair' under (d)(3) if '(1) [a defendant's] due process rights were violated by defects in [the] underlying deportation proceeding, and (2) [the defendant] suffered prejudice as a result of the defects.'" *Id.* at 1019 (Graber, J., concurring) (alterations in original) (quoting *United States v. Garcia-Martinez*, 228 F.3d 956, 960 (9th Cir. 2000)).

In this case, even if Reyes-Ruiz's prior removal order was invalid, he does not demonstrate that he suffered prejudice as a result of that potential defect.

2

Although we may presume prejudice in some cases where, but for the government's misclassification of an underlying felony, the defendant was not otherwise removable, *see Ochoa*, 861 F.3d at 1015 (noting that fundamental unfairness exists where a lawful permanent resident defendant's prior conviction was improperly categorized as a crime of violence), that presumption is not applicable here because Reyes-Ruiz did not have any lawful status in the United States at the time he was first removed. Notably, Reyes-Ruiz does not argue that he would have been entitled to relief from removal if he had received a hearing before an immigration judge. Because prejudice cannot be presumed, and has not been shown, Reyes-Ruiz has not established that his original removal was "fundamentally unfair."

**AFFIRMED.**