**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 5, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN LUIS ZUNIGA-GUERRERO,

Defendant-Appellant.

No. 19-6019
(D.C. No. 5:18-CR-00168-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON, MCKAY,** and **BACHARACH,** Circuit Judges.

This appeal arises from an indictment against Mr. Juan Zuniga-Guerrero for unlawfully reentering the United States after removal. *See* 8 U.S.C. § 1326(a). Mr. Zuniga-Guerrero moved to dismiss the indictment, arguing that the immigration judge lacked jurisdiction when he ordered

---

[*] The parties do not request oral argument, and it would not materially help us to decide this appeal. We have thus decided the appeal based on the appellate briefs and the record on appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

removal. The district court denied the motion to dismiss based on the unavailability of collateral relief. *See* 8 U.S.C § 1326(d). Mr. Zuniga-Guerrero appeals, contending that the statutory requirements for collateral review were either excused or met. Engaging in de novo review,[1] we reject this argument and affirm.

Under the relevant statutory scheme, aliens charged with unlawful reentry after removal can challenge the validity of their underlying removal orders only by satisfying three requirements:

1.    The alien exhausted available administrative remedies.

2.    The alien lacked an opportunity for judicial review in the removal proceedings.

3.    Entry of the removal order was "fundamentally unfair."

8 U.S.C. § 1326(d)(1)–(3); *United States v. Adam-Orozco*, 607 F.3d 647, 651 (10th Cir. 2010) (Gorsuch, J.).

Mr. Zuniga-Guerrero contends that he need not satisfy these requirements because the immigration judge lacked jurisdiction to enter the removal order. According to Mr. Zuniga-Guerrero, the immigration judge lacked jurisdiction because the notice to appear had omitted the date and time to appear.

---

[1]    *See United States v. Wittgenstein*, 163 F.3d 1164, 1170 (10th Cir. 1998) (de novo review).

We rejected this argument in *United States v. Garcia-Galvan*, No. 18-6198, 2019 WL 2513637, at *2–3 (10th Cir. June 18, 2019) (unpublished); *see also Soriano-Mendosa v. Barr*, No. 18-9535, 2019 WL 1531499, at *4 (10th Cir. Apr. 9, 2019) (unpublished) (concluding that the failure to include a date and time in the notice to appear had "no jurisdictional significance"). Though *Garcia-Galvan* is not precedential, it is persuasive. Guided by *Garcia-Galvan*, we conclude that Mr. Zuniga-Guerrero needed to satisfy the three statutory requirements before the district court could undertake collateral review of the removal order. In our view, the district court correctly ruled that Mr. Zuniga-Guerrero had failed to satisfy the first two statutory requirements.

First, Mr. Zuniga-Guerrero did not exhaust available administrative remedies. He contends that exhaustion would have been futile. But futility is not a permissible excuse when administrative exhaustion is required by statute. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (refusing to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"). Because the statute expressly requires administrative exhaustion, Mr. Zuniga-Guerrero cannot avoid the exhaustion requirement even if it would have been futile. *See United States v. Copeland*, 376 F.3d 61, 66–67 (2d Cir. 2004) (holding that no futility

3

exception exists, with one exception not relevant here, for the requirement of administrative exhaustion under 8 U.S.C. § 1326(d)).[2]

Second, Mr. Zuniga-Guerrero has not shown deprivation of a right to judicial review in his removal proceedings. Instead, Mr. Zuniga-Guerrero appears to argue that unfavorable precedents in the agency would have prevented judicial relief. But even if Mr. Zuniga-Guerrero had lost in the agency, he could have appealed the removal order. *See* 8 U.S.C. §§ 1229a(b)(5)(D), 1252; *see also United States v. Rivera-Nevarez*, 418 F.3d 1104, 1108–11 (10th Cir. 2005) (holding that the availability of judicial review under 8 U.S.C. § 1252 prevented collateral review of the defendant's removal order). Thus, Mr. Zuniga-Guerrero has not shown the absence of a right to judicial review in the removal proceedings.[3]

---

[2]    When a statute requires a litigant to exhaust administrative remedies that "may have been available," 8 U.S.C. § 1326(d)(1), exhaustion may be unnecessary if "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint," *Booth v. Churner*, 532 U.S. 731, 736 (2001). In *United States v. Copeland*, the Second Circuit characterized this principle as a type of futility exception. 376 F.3d 61, 66–67 (2d Cir. 2004). But Mr. Zuniga-Guerrero argues only that he would not have been able to prevail in an administrative challenge; he doesn't question the availability of a remedy under administrative procedures.

[3]    The district court also concluded that Mr. Zuniga-Guerrero had not shown a lack of fundamental fairness. We need not decide this issue because Mr. Zuniga-Guerrero needed to satisfy all three of the requirements to justify collateral review. *See* 18 U.S.C. § 1326(d) (using "and" in listing the three requirements for a collateral challenge); *see also United States v. Ochoa*, 861 F.3d 1010, 1019 (9th Cir. 2017) ("By using

4

* * *

Mr. Zuniga-Guerrero cannot challenge the validity of his underlying removal order because he fails to satisfy two of the statutory requirements for collateral review. We thus affirm the denial of Mr. Zuniga-Guerrero's motion to dismiss his indictment.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

the conjunction 'and,' Congress signified that the alien must establish that all three conditions are met.").