**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10011 |
| Plaintiff-Appellant, | D.C. No. 3:17-cr-00116-LRH-WGC-1 |
| v. | |
| REFUGIO PALOMAR-SANTIAGO, AKA Refugio SantiagoPalomar, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted April 15, 2020**
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges, and HARPOOL,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\**      The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

Refugio Palomar-Santiago is a Mexican national who was granted permanent resident status in the United States in 1990. In 1991, he was convicted of a felony DUI in California. In 1998, he received an Notice to Appear from the Immigration and Naturalization Service informing him that he was subject to removal because the DUI offense was classified as a crime of violence under 18 U.S.C. § 16 and thus considered an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43). After a hearing before an IJ, Palomar-Santiago was deported on that basis. Three years later, the Ninth Circuit determined that the crime Palomar-Santiago was convicted of was not a crime of violence. *United States v. Trinidad-Aquino*, 259 F.3d 1140, 1146-47 (9th Cir. 2001). This determination applied retroactively. *United States v. Aguilera-Rios*, 769 F.3d 626, 633 (9th Cir. 2013).

By 2017, Palomar-Santiago was again living in the United States, this time without authorization. That year, a grand jury indicted him for illegal reentry after deportation under 8 U.S.C. § 1326. Palomar-Santiago moved to dismiss the indictment under 8 U.S.C. § 1326(d). Under § 1326(d), a district court must dismiss a § 1326 indictment if the defendant proves (1) he exhausted any administrative remedies that may have been available to seek relief against the order; (2) he was deprived of the opportunity for judicial review at the deportation hearing; and (3) that the deportation order was fundamentally unfair. 8 U.S.C. §

2

1326(d). However, a defendant need not prove the first two elements if he can show the crime underlying the original removal was improperly characterized as an aggravated felony and need not show the third element if he can show the removal should not have occurred. *United States v. Ochoa*, 861 F.3d 1010, 1015 (9th Cir. 2017); *United States v. Aguilera-Rios*, 769 F.3d at 630.

The district court held Palomar-Santiago met his burden in showing his crime was improperly characterized as an aggravated felony and that he was wrongfully removed from the United States in 1998. On this basis, it dismissed the indictment under § 1326(d). On appeal, the government concedes the district court faithfully applied Ninth Circuit precedent in its order. Instead of disputing the district court's application of the law, the government argues that our settled precedent is wrong and urges the panel to ignore it. *Id.* It points to evidence of contravening congressional intent, the text of the statute itself, and contrary case law from our sister circuits to support its argument. *See, e.g.*, *United States v. Soto-Mateo*, 799 F.3d 117, 120-21 (1st Cir. 2015); *United States v. Villanueva-Diaz*, 634 F.3d 844, 849-52 (5th Cir. 2011).

Whatever merits the government's argument may have, a three-judge panel "can only decline to apply prior Circuit precedent 'clearly irreconcilable' with a subsequent Supreme Court decision." *United States v. Shelby*, 939 F.3d 975, 978

3

(9th Cir. 2019) (internal citations omitted). The Ninth Circuit precedent as established in *Ochoa* and *Aguilera-Rios* is not clearly irreconcilable with any subsequent Supreme Court precedent, and as such this panel has no choice but to apply it. The parties do not dispute, and this panel agrees, that the district court faithfully applied Ninth Circuit precedent in dismissing the indictment under § 1326(d) after finding Palomar-Santiago was not convicted of an aggravated felony in 1991, was not eligible for removal, and was wrongfully removed from the United States. Consequently, we affirm the district court's dismissal on this basis. Because this is an adequate independent basis for dismissal, the panel declines to reach Palomar-Santiago's alternative arguments supporting dismissal.

**AFFIRMED.**



No. 19-10011, *United States v. Refugio Palomar-Santiago*

CLIFTON, Circuit Judge, concurring:

I concur in the disposition, which faithfully applies our precedent. I write separately to express my view that this precedent should be revisited by an en banc panel of this court.

Three years ago, a panel of our court concluded that our precedent permitted defendants charged with illegal reentry to collaterally challenge their prior removal orders, even if they did not appeal them at the time, so long as the crime for which they were originally deported was not in fact a removable offense. *United States v. Ochoa*, 861 F.3d 1010, 1015 (9th Cir. 2017) (citing *United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006) and *United States v. Pallares-Galan*, 359 F.3d 1088, 1096, 1103–04 (9th Cir. 2004)).

Nevertheless, in *Ochoa*, a concurrence by Judge Graber, joined by both of the other two members of the *Ochoa* panel, Judges McKeown and Chief District Judge Barbara M.G. Lynn (N.D. Tex.), described the precedents that bound that panel and bind us, as inconsistent with the relevant statutory text, out of step with other circuits and based on reasoning that was unfounded. "Our precedent has the effect of nullifying the procedural requirements of [8 U.S.C.] § 1326(d) . . . and creating in their place a new, substantive right to retroactive de novo review,

5

thereby undermining the finality interests the statute was designed to protect."

*Ochoa*, 861 F.3d at 1024 (Graber, J., concurring). We remain inconsistent with the statute and on the wrong side of a circuit split, by my count currently 9-2. I repeat the suggestion of the *Ochoa* panel that this question merits en banc reconsideration.